UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AXEL PENA-REYES, : | CIVIL ACTION NO. 3:23-1719 |
| Petitioner : | |
| v. : | (JUDGE MANNION) |
| WARDEN WASHINGTON : | |
| Respondent : | |

## MEMORANDUM

Petitioner, Axel Pena-Reyes, an inmate confined in the Allenwood Federal Correctional Institution, White Deer, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). The filing fee has been paid. (Doc. 5). Petitioner challenges "the fact that his sentence was improperly calculated under the Sentencing Guidelines." (Doc. 2 at 1). Specifically, he claims that "the Career Offender enhancement is incorrect because a inchoate offense cannot serve as a predicate for a Career Offender enhancement." Id.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. §2254, which is applicable to Section 2241 petitions under Rule 1(b), the Court has given the petition preliminary consideration. For the reasons set forth below, the Court will dismiss the petition for lack of jurisdiction.

I. **Background**

On April 25, 2018, Petitioner was indicted by a grand jury on charges of conspiracy to distribute and possess with the intent to distribute heroin. United States v. Rivera-Rivera, et al., No. 1:18-cr-0146 (M.D. Pa.).

On March 14, 2019, Plaintiff entered a plea of guilty to conspiracy to distribute. Id.

On January 27, 2020, Petitioner was sentenced to a 151-month term of incarceration. Id.

On March 15, 2023, Petitioner filed a motion to vacate pursuant to 28 U.S.C. §2255, which was denied as untimely on March 22, 2023. See United States v. Rivera-Rivera, et al., No. 1:18-cr-0146 (M.D. Pa.).

On October 16, 2023, Petitioner filed the instant action, in which he claims that his "conviction of conspiracy to distribute or possess heroin cannot serve as a predicate offense for a Career Offender enhancement" and that such sentenced violates the Constitution. (Doc. 2). For relief, Petitioner requests that the "incorrect career offender enhancement be reversed." Id.

## II. Legal Standard

Under 28 U.S.C. §2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994).

## III. Discussion

Petitioner seeks to challenge his federal sentence through a habeas petition filed pursuant to 28 U.S.C. §2241. Generally, a federal prisoner seeking to challenge his conviction or sentence must do so through "a motion

- 3 -

filed under 28 U.S.C. §2255 in the sentencing court." Rodriguez v. Warden Lewisburg USP, 645 F. App'x 110, 112 (3d Cir. 2016) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)).

While various Courts of Appeals had previously held that, under certain very limited circumstances, a prisoner could resort instead to a §2241 petition, the United States Supreme Court recently overruled these decisions, holding that a prisoner may not resort to challenging his conviction through a §2241 petition unless "unusual circumstances make it [essentially] impossible ... to seek relief in the sentencing court" such as where the sentencing court no longer exists. See Jones v. Hendrix, 599 U.S. ——, ———, 143 S.Ct. 1857, —— L.Ed.2d ——, 2023 WL 4110233, at *7-9 (June 23, 2023). As a result, so long as it is not essentially impossible to pursue a §2255 motion at all, federal law permits "only two [ ] conditions in which" a petitioner who has previously had a §2255 motion denied to file another collateral attack on his conviction or sentence – those laid out in §2255(h) for the authorization of a second or successive motion by the applicable court of appeals, Id. at *7. A petitioner who has already filed a §2255 motion and been denied relief through such a motion who cannot meet these gatekeeping requirements may not resort to a habeas petition brought pursuant to 28 U.S.C. §2241 to challenge his conviction or sentence. Id.

Because Petitioner meets neither of the gatekeeping requirements for the authorization of a second or successive §2255 motion, he may not resort to his current habeas petition to raise his claims. Id. Therefore, this Court must dismiss Petitioner's habeas petition for lack of jurisdiction. To the extent Petitioner wishes to continue to challenge his sentence, he may do so only through seeking and being granted leave to file a second or successive motion to vacate sentence by the Court of Appeals for the Third Circuit. Id.

## IV. Conclusion

Based on the foregoing, Pena-Reyes' petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 will be dismissed for lack of jurisdiction.

An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: November 1, 2023**
23-1719-01